## THE STATE OF MISSOURI, Respondent, v. WILLIAM GOLDMAN, Appellant.

**St. Louis Court of Appeals. Submitted on Record April 3, 1918. Opinion Filed May 7, 1918.**

1. **CRIMINAL LAW: Appellate Practice: Absence of Bill of Exceptions: Review.** On appeal in a criminal case in the absence of a bill of exceptions, the appellate court is confined to an examination of the record proper.

2. ———: **Indictment and Information: Lotteries: Sufficiency of Information: Following Language of Statute.** An information charging that defendant willfully and unlawfully did sell, to a person whose name to the informant was unknown, a certain ticket and part of a ticket in a lottery and device in the nature of a lottery known as "country store," contrary to the form of the statute, etc., substantially following the language of Revised Statute of Missouri, section 4771, was sufficient.

3. ———: ———: **Absence of Bill of Exceptions: Presumptions.** On appeal in a criminal case in the absence of bill of exceptions bringing up the evidence, the appellate court is confined to the single question of whether the information will support the judgment of conviction, for it must assume that the evidence and course of trial justified the finding and judgment, if the information charged the commission of an offense.

4. ———: **Appellate Practice; Sufficiency of Information: Bill of Exceptions.** To enable the appellate court to consider the sufficiency of an information, it is not necessary that there be a bill of exceptions.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Calvin N. Miller,* Judge.

AFFIRMED.

*Paul Dillon* for appellant.

*Howard Sidener,* Prosecuting Attorney, for respondent.

REYNOLDS, P. J.—The appellant in this case was proceeded against in the Court of Criminal Correction

of the city of St. Louis on an information which charges that in the city of St. Louis, on November 19, 1914, he "wilfully and unlawfully did sell to a person whose name is to this informant unknown, a certain ticket and part of a ticket in a lottery and device in the nature of a lottery, known as 'Country Store,' contrary to the form of the statute," etc. Arrested and arraigned defendant pleaded "not guilty," and his counsel, along with the prosecuting attorney filed an agreed statement of facts,which statement of facts, it is set out, is taken by the court as submitted. The cause was continued from time to time and resulted in the court finding and adjudging the defendant guilty and assessing his punishment at a fine of $50. It is stated that a motion for new trial was filed and overruled, as also a motion in arrest of judgment, and thereupon the fine was duly adjudged and imposed upon defendant, who prayed an appeal to our court.

We have before us no bill of exceptions and nothing but the entries above referred to. This confines us to an examination of the record proper, which here consists of the information, finding or verdict and judgment.

This proceeding is under section 4771, Revised Statutes 1909, which provides:

"Any person who shall sell or expose to sale, or cause to be sold or exposed to sale, . . . or shall aid or assist, or be in anywise concerned in the sale or exposure to sale of any, lottery ticket or tickets, . . . or device in the nature of a lottery, within this State or elsewhere, . . . and shall be convicted thereof in any court of competent jurisdiction shall, for each and every such offense, forfeit and pay a sum of not exceeding $1000."

It will be observed that this information, in charging that the defendant "wilfully and unlawfully did sell . . . a certain ticket and part of a ticket in a lottery and device in the nature of a lottery, known

199 M. A.—27.

as 'Country Store,'" etc., substantially followed the language of the statute.

It was long ago decided by out Supreme Court, as see Freleigh v. The State, 8 Mo. 606, that where the charge in the information, a misdemeanor, is in the very language of the statute, it is sufficient. No decisions overturning that have been called to our attention, or of which we are aware, have ever disturbed that. We therefore hold that the information in this case is sufficient.

In the absence of a bill of exceptions, bringing up the evidence, as is the case here, we are confined to the single question of whether the information will support the judgment; for we must assume that the evidence and course of the trial justified the finding and judgment, if the information charged the commission of an offense. Here that is challenged.

To enable us to consider the sufficiency of an information it is not necessary that there be a bill of excepions. We examine an information on appeal without that, and here conclude that the information is sufficient.

Finding no error in the record proper it follows that the judgment of the court of criminal correction must be and it is affirmed. *Allen* and *Becker, JJ.,* concur.